(No. 4381-

JAMES A. CHULLY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

C. GEORGE DIMAS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. Evans, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, James A. Chully, was employed by the Division of Highways, as a highway section helper, and on May 26, 1950 was earning $198.00 a month. His annual earnings preceding his injury on said date would have amounted to $2,376.00. Claimant was married, and on said date had two children under sixteen years of age dependent on him for support.

There are no jurisdictional questions involved, and the only question presented is the nature and extent of disability.

Claimant, while in the performance of his duties, was helping to close the end gate on a state truck, when his left index finger was caught between the gate and the truck body. Medical testimony showed claimant suffered laceration of the left index finger with a comminuted fracture of the distal phalanx, and lateral ligaments torn at joint.

At the hearing, claimant's finger was examined, and, from the examination and medical testimony, it is concluded that claimant sustained a 30% permanent loss of use of the left index finger.

Claimant lost 1 2/7 weeks from work during which time he was temporarily totally incapacitated. For this he would be entitled to compensation for 2/7 weeks.

Julia Hertz furnished stenographic services, for which she has submitted a statement in the amount of $27.50, which the court finds reasonable.

The following awards are entered:

2/7 weeks at $24.00 per week in the amount of $6.86 for temporary total disability; the sum of $288.00 for 30% permanent loss of use of the left index finger, computed at 12 weeks at $24.00 per week, making a total of $294.86, less $58.34 previously paid as wages, making a total net award of $236.52, all of which has accrued and is payable forthwith.

The sum of $27.50 payable to Julia Hertz for stenographic services.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".